## In re Lines

*Joseph A. Wassa, Jr.,* for petitioners.
*Legal Services,* for respondent.

WOLFE, *P. J.,* May 12, 1977—Petitioners have filed a motion for discovery under Rule 4009 of Pennsylvania Rules of Civil Procedure requesting the Director of Children's Services of Warren County to produce and permit the inspection and copying or photographing of all files, documents, letters, reports, accounts and objects which that agency possesses under its custody and control to

aid petitioners in the preparation for trial on their attempt to involuntarily terminate the parental rights of the mother of the child. The child has been under the care and custody of Children's Services and certain documents, reports and data obtained by Children's Services are held in this file as confidential information. Respondent, the mother, objects to the motion on the grounds of confidentiality.

This rule as a trial aid was discussed in Woods v. Dunlop, 461 Pa. 35, 334 A. 2d 619 (1975), in which it is stated that rule 4009 pertains only to parties; however, the rule is not the sole source of the court's power to order production of documents. The court rejected an allegation that the rule tends to incriminate one and stated: "Clearly, the custodian of corporate records may not on the basis of the Fifth Amendment privilege, refuse to produce records, even if they intend to incriminate him."

In Matychuck v. Purnell, 11 D. & C. 2d 507 (1957), the court permitted a party plaintiff to examine, copy and photograph the hospital's records of plaintiff's case for his own use under Pa. R.C.P. 4009 on the grounds the records were those of plaintiff. However, in Day v. B.J. & H. Sales, Inc., 39 D. & C. 2d 422 (1966), the court denied defendant's motion to compel plaintiff to produce and permit the inspection and photocopying of material held by plaintiff's insurance company which would allegedly aid defendant in determining the policy of insurance covering the loss or damage to plaintiff upon which the suit was based against defendant and also would permit inspection of the draft issued by the insurer to plaintiffs and the amount of damages claimed by plaintiffs with his insurer. The court held:

"The circumstances under which an inspection is properly ordered are established inferentially by the limitations on rule 4009 set forth in rule 4007(a). That rule requires that the inspection be confined to '. . . any matter non-privileged, which, is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case'.

"Under Rule 4007(a) [sic],* only a party may be required to produce documents and here the insurance company is not a party, and the documents must be relevant to the subject matter involved in the action, and they must substantially aid in the preparation of the trial of the case. Here, there is not even an allegation that the documents are relevant or a need for the inspection. The situation is similar to that in Wexler v. Roberts, 85 Montg. 133. There, Judge Ditter said (p. 135):

"This leaves the final contention as raised in the plaintiff's answer—that no facts have been pleaded entitling defendant to inspection. We agree that defendant's motion for inspection is deficient in this regard. Rule 4007(a) limits the right of inspection and copying to relevant matters needed for the preparation of the pleadings, the preparation of the case, or its trial. The defendant has not alleged relevancy or need and, since he has not filed an answer to the complaint, we have no way of knowing why these documents should be made available to him. In short, we have no way of applying the test of relevancy".

In the instant case we are experiencing the same difficulty, to wit, petitioners' motion for discovery

---

*We believe this identification under Rule 4007[a] was meant to be a reference to Rule 4009.

by inspection merely makes a request for the court to enter an order under rule 4009 directing the Director of Children's Services of Warren County to produce and permit the inspection of all files, documents, reports, letters, accounts and objects which are in the director's possession, custody or control and directing him to permit petitioners' counsel to enter into the office of Children's Services for the purpose of the inspection.

We are of the opinion and hold that since Children's Services of Warren County is not a party to the action the petition cannot be properly granted, especially since no allegation of need or relevancy is pleaded.

We suggest the petition should be under Rule 4007(a) of Pa. R.C.P. and properly should plead the need and relevancy that would aid petitioners in the preparation of the pleadings or trial of the case. This rule permits any party to take the testimony of any person for the purpose of discovery by deposition upon oral examination or written interrogatories, which examination may be directed to any matter which is not privilege that would aid in the preparation in the pleadings or the trial of the case. In turn, respondent is protected by Rule 4011(c) of Pa. R.C.P. which rule denies discovery or inspection if it relates to matters which are privileged.

Thus, at this posture of the case we cannot determine the relevancy of the discovery until a pleading is properly filed advancing the need and permitting respondent an opportunity to plead protection.

For these reasons we will dismiss the motion for discovery by inspection under rule 4009 and if the petitioners so desire we will entertain the petition

under Rule 4007(a) of Pa. R.C.P. and any petition by respondent in defense thereof.

For this reason we enter the following

## ORDER

And now, May 12, 1977, the motion for discovery by inspection under rule 4009 by petitioners is denied.